[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11183
_____

D.C. Docket No. 1:12-cv-01715-VEH

JAMES R. KING,

Plaintiff-Appellee,

versus

CVS HEALTH CORPORATION,
a.k.a. CVS Pharmacy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 22, 2017)

Before WILSON and NEWSOM, Circuit Judges, and WOOD,[*] District Judge.

PER CURIAM:

_____

[*]  Honorable Lisa Godbey Wood, United States District Judge for the Southern District of
Georgia, sitting by designation.

CVS appeals the district court's denial of its motion for judgment as a matter of law. On appeal, CVS argues that the jury's finding that it willfully violated the Age Discrimination in Employment Act (ADEA) was against the great weight of the evidence. As such, CVS argues that the district court improperly denied its motion for judgment as a matter of law. CVS raises a host of additional issues, too: It argues that the district court erred by refusing to admit certain evidence and by failing to exclude other evidence, that the district court abused its discretion by granting the equitable remedies of reinstatement and back pay, that the district court erred in its choice of jury instructions, and finally, that cumulative error in the case merits a new trial. After careful review of the record and the parties' briefs, and with the benefit of oral argument,[1] we find no reversible error in the district court's rulings.

It is worth noting that the parties' briefs and oral arguments revealed some disagreement between the standards used in this Circuit to gauge the admissibility of comparators in ADEA cases. In this Circuit, in order to make a comparison of the plaintiff's treatment to another employee outside the protected class, the

---

[1] Before this Court heard oral argument on the appeal, King filed a motion to strike arguments related to CVS's proffered reason for terminating King—that CVS had a reasonable, if mistaken, belief that King violated CVS policy and state law. King alleged that it would be improper for this Court to consider that reason in determining the appeal. This Court ordered that King's motion to strike would be carried with the case. Having reviewed the material in question, we have determined that the material in no way alters our opinion. Resolution of that motion is not necessary to the disposition of the appeal. King's motion is therefore dismissed as moot.

plaintiff must show that the two employees are "similarly situated in all relevant respects." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). Yet this Circuit has employed two seemingly distinct standards to delineate how similarly situated those employees' conduct must be: whether that conduct need only be "same or similar," or whether it must instead be "nearly identical." *Compare Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges"), *with Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) ("To make a comparison . . . the plaintiff must show that he and the employees are similarly situated in all relevant respects"). Any resolution of that matter is a question for another case. In applying either standard, the Court is convinced that King presented evidence of an adequate comparator and that the district court did not abuse its discretion by admitting that evidence.

The Court remains persuaded that sufficient evidence exists, as a legal matter, from which a reasonable jury could find that CVS Corporation terminated James King on the basis of his age. We therefore **AFFIRM** on all issues.

3